## O. L. HOUTS, Respondent, v. GEO. P. B. JACKSON, Appellant.

In the Springfield Court of Appeals, May 24, 1910.

APPEAL AND ERROR: Transfer of Cause. The Act of 1909, pp. 396 and 397, provides that certain cases shall be transferred from the Supreme Court to the proper courts of appeal, "to be heard and determined by them." *Held*, that a fair and reasonable construction of this Act is that when a case is so transferred, it shall be heard and determined by the court of appeals in the same manner as if the case had gone to the court of appeals originally, and that the case can be again transferred to another court of appeals under the Act authorizing such transfer.

Appeal from St. Louis City Circuit Court.—*Hon. M. G. Reynolds,* Judge.

MOTION TO TRANSFER OVERRULED.

*J. E. McKeighan* and *Jos. S. Laurie* for appellant.

*Jones, Jones & Hocker* for respondent.

COX, J.—This case went on appeal, in the first instance, to the Supreme Court, where it was pending at the time the Act of the last Legislature, found in Session Acts of 1909, page 397, was passed, increasing the jurisdiction of the courts of appeals and directing the transfer of causes in the Supreme Court to the courts of appeals. By virtue of that act this case was transferred from the Supreme Court to the St. Louis Court of Appeals. Afterward, at the meeting of the judges of the St. Louis, Kansas City and Springfield Courts of Appeals at St. Louis, in December, 1909, this cause, with others then pending in the St. Louis Court of Appeals, was transferred to this court. The defendant now moves to transfer the case back to the St. Louis Court of Appeals for the reason that this case, having been sent from the Supreme Court to the St. Louis Court of Appeals, the judges of the courts of appeals were without power to transfer it to any other court of appeals.

The determination of this question rests upon the proper construction to be given to acts of the Legislature, 1909, found at pages 396 and 397. The act on page 397, which provides for the transfer of cases then pending in the Supreme Court which, under that act, would fall under the jurisdiction of a court of appeals reads as follows:

"The various courts of appeals of Missouri shall have jurisdiction of appeals and writs of error in all cases where the amount in dispute, exclusive of costs, shall not exceed the sum of seventy-five hundred dollars. All cases now pending in the Supreme Court, which have not been submitted, and which by the provisions of this act come within the jurisdiction of said courts of appeals, shall be certified and transferred to the proper courts of appeals, to be heard and determined by them."

This act was passed with the emergency clause, and went into effect on the date of its approval, which was June 12, 1909. The language of this provision, upon which the appellant in this case relies, is that found in the last clause of the act which provides they "shall be certified and transferred to the proper courts of appeals, *"to be heard and determined by them."* Appellants's contention in this case is that the use of the words *"to be heard and determined by them"* precludes the construction that any other provision of the statute which might provide for transfer from that court should apply to a case certified to it under this act. We do not think that construction to be a fair and reasonable construction of the meaning of this act. In our view, it simply means that the case should be transferred to the proper court of appeals, and when so transferred, should be heard and determined by such court in the same manner as if the case had gone to the court of appeals originally. If we are right in this construction of this statute, then this question must be determined in the same way as it would have been had it never gone to the Supreme Court, but had gone to the Saint Louis Court of Appeals in the first instance.

There is no contention that the case was not properly transferred from the Saint Louis Court of Appeals to this court under the provisions of the statute, authorizing such transfer, provided any power existed to trans-

fer it at all, and our conclusion is that the transfer was properly made, and the motion to remand to the Saint Louis Court of Appeals will be overruled. All concur.